IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RAYMOND DAVID NEWSOME, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.4:08-CV-662-Y |
| | § | |
| STEPHANIE ROBINSON, Clerk, | § | |
| Court of Appeals of Texas, | § | |
| Second District, et al. | § | |

OPINION AND ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(E)(2) AND 28 U.S.C. § 1915A(b)

Inmate plaintiff Raymond David Newsome proceeds in the above-styled and numbered case pursuant to 28 U.S.C. § 1915, and thus his claims are subject to review under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Newsome submitted a form civil-rights complaint, with attachments, seeking relief under 42 U.S.C. § 1983. He has named as defendants several clerks with the Second Court of Appeals of Texas, including Stephanie Robinson, Debra Spisak, Karen Brown and Bonnie Alexander. (Compl. Style; § IV(B); attachment p-1.) Newsome complains that when the Court of Appeals, Second District, issued an opinion affirming his conviction in Tarrant County District Court on March 29, 2007, the clerks did not send him a copy of the opinion until October 10, 2007.[1] Newsome alleges that date was beyond the time provided for him to file a petition for discretionary review to the Texas Court of Criminal Appeals. He contends that his appeal rights were stopped, and that

---

[1] See generally Newsome v. State of Texas, 2007 WL 936858 (Tex. App.-Fort Worth, March 29, 2007)(unpublished-copy attached).

he was not informed of his rights to proceed pro se. (Compl. § V; attachment p-3.) Newsome seeks monetary damages, fees and costs, along with "any help I can get in my rights in the courts." (Compl. § VI; attachment p-3.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[2] Under 28 U.S.C. § 1915(e)(2), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[3] Furthermore, as a part of the Prison Litigation Reform Act ("PLRA"), Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[4] Consistent with § 1915A is prior case law recognizing that a district court is not required to await any responsive pleading to conduct its § 1915 inquiry.[5] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."

---

[2] *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006)(emphasis added).

[3] *See* 28 U.S.C.A. § 1915(e)(2)(West Supp. 1999); *see Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[4] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

[5] *See Schultea v. Wood*, 47 F.3d 1427, 1434 (5th Cir. 1995).

The Court concludes that Newsome's claims must be dismissed under authority of these provisions.

In order to assert a claim for damages for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of the required elements of a § 1983 action: (1) that he has been deprived of a right secured by the Constitution or laws of the United States; and (2) that the defendants deprived him of such right while acting under color of law.[6] Although Plaintiff alleges violations of his right to due process of law, equal protection of law, and of access to courts, his claims that the defendant employees of the appellate clerk's office had an obligation to notify him of the issuance of an order and opinion is not supported under Texas law.[7] During the course of the appeal, Newsome was represented by counsel David Richards.[8] The Texas Rules of Appellate Procedure provide that "[a]ny notice, copies of documents filed in an appellate court, or other communications must be sent to: (a)

---

[6] *See West v. Atkins*, 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development*, 980 F.2d 1043, 1050 (5th Cir.), *cert. denied*, 510 U.S. 820 (1993).

[7] Newsome has not identified any specific actions of any of the four defendants, but because the underlying allegation against all defendants is without merit as noted *infra*, there is no need to allow him to amend the complaint.

[8] *See Newsome v. Richards*, 2007 WL 936858 (listing David Richards as representing Newsome). The Court also takes judicial notice of the records of this Court in *Newsome v. Richards*, 4:08-CV-353-A (N.D.Tex. Sep. 17, 2008), in which the court dismissed Newsome's claims against lawyer David Richards for failing to file a PDR arising from the same appeal made the basis of this case; and *Newsome v. States Bar of Texas*, 3:08-CV-1930-N (N.D.Tex. February 23, 2009, *report and recommendation*), in which the magistrate judge recommended dismissal of Newsome's claims against the State Bar of Texas and related officials for the manner in which they resolved Newsome's grievances filed against Richards.

each party's lead counsel on appeal . . . ."[9] That rule also provides that notice shall be sent to "a party if the party is not represented by counsel."[10] As Newsome was represented by counsel David Richards, it is Richards who was entitled to notice of the opinion of the court of appeals. As mentioned in footnote 7, Newsome has previously filed suit raising claims associated with attorney Richards's alleged failure to timely file a petition for discretionary review after receiving that notice. Newsome did not claim, in either of those cases, that Richards did not receive the proper notice of the issuance of the opinion of the court of appeals.[11] Rather, the fact that Newsome filed two prior suits arising from Richards alleged inaction, implies that he believed that David Richards was properly notified

---

[9]Tex. R. App. P. 6.3(a).

[10]Tex R. App. P. 6.3(c).

[11]See *Newsome v. Richards,* 4:08-CV-353-A (May 29, 2008 Complaint, attachment page 1)

> (David L. Richards did not go to the Court of Criminal Appeals with PDR thus causing my appeal to be struck down due to the expiration of time limits. He kept funds that he was paid, but did not do the work that was stated in the contract. On March 29, 2007 is when he was supposed to file a PDR. This occurred in Fort Worth, Texas at the Second Court of Appeals. Since that date I have filed a grievance with the State Bar of Texas and haven't had any results);

see also *Newsome v. State Bar of Texas,* 3:08-CV-1930-N (October 29, 2008, Complaint § V)

> (Well in a complaint filed in the Dallas office of the State Bar of Texas on attorney David L. Richards for taken money for a job he did not do the Bar would not do anything to help me even with evident of Mr. Richards misconduct [sic]. So I'm filing the civil rights lawsuit on due process and dismissed of my complaint with violate my civil rights and unfairness in my rights and case [sic].)

4

Thus, as the appellate clerk's office did not have any requirement to send notice of the court of appeals' opinion to Newsome himself, and as all pleadings filed by Newsome indicate that such notice was sent to Newsome's counsel on appeal, David Richards, Newsome's claims in this suit are factually without support, and must be dismissed.

Therefore, all plaintiff Raymond D. Newsome's claims are DISMISSED WITH PREJUDICE under the authority of 28 U.S.C. § 1915A(b)(1) and alternatively, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

SIGNED March 12, 2009.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

Westlaw

Not Reported in S.W.3d
Not Reported in S.W.3d, 2007 WL 936858 (Tex.App.-Fort Worth)
(Cite as: 2007 WL 936858 (Tex.App.-Fort Worth))

Page 1

Only the Westlaw citation is currently available.

SEE TX R RAP RULE 47.2 FOR DESIGNATION AND SIGNING OF OPINIONS.

MEMORANDUM OPINIONDO NOT PUBLISH. TEX. R. APP. P. 47.2(b)

Court of Appeals of Texas,
Fort Worth.
Raymond David NEWSOME, Appellant
v.
The STATE of Texas, State.
No. 2-05-390-CR.

March 29, 2007.

From Criminal District Court No. 1 of Tarrant County, Juanita Pavlick, Judge.
David Richards, Fort Worth, for appellant.

Tim Curry, Crim. Dist. Atty., Charles M. Mallin, Helena F. Faulkner, Dewayne Huston and Ben D. Leonard, Asst. Crim. Dist. Attys., Fort Worth, for appellee.

PANEL B: LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

MEMORANDUM OPINION[FN1]

FN1. See TEX.R.APP. P. 47.4.
LEE ANN DAUPHINOT, Justice.

*1 Appellant **Raymond David Newsome** was charged with one count of aggravated robbery. At his jury trial, he pled not guilty. The jury found him guilty as charged. During the punishment phase of the trial, Appellant testified on his own behalf. The jury assessed his punishment at twenty-three years' confinement in the Institutional Division of the Texas Department of Criminal Justice (IDTDCJ) and a $10,000 fine. On Appellant's motion, the trial court granted him a new trial based on jury misconduct.

The State re-indicted, alleging in three counts three separate manners and means of committing the same aggravated robbery (there was only one complainant). At his second trial, Appellant pled not guilty to each count. Over Appellant's objections, the trial court admitted his testimony from the prior trial's punishment phase during the new trial's guilt phase. The jury found him guilty on all three counts and assessed his punishment at twenty years' confinement in the IDTDCJ on each count. The visiting judge, sitting for the trial court, sentenced him accordingly and ordered the sentences to be served concurrently. Appellant filed a motion for a new trial and a notice of appeal. In a single point, Appellant contends that the trial court erred in admitting his testimony from the previous trial because it violated his federal and state constitutional rights against self-incrimination. Additionally, before this case was submitted, this court communicated its concern to the parties that Appellant received three aggravated robbery convictions and sentences despite the indictment's naming just one complainant and describing just one incident. Because we hold that the trial court did not err by admitting the testimony Appellant had given after waiving his rights to remain silent, and because the parties agree that only one conviction and sentence for aggravated robbery with a deadly weapon may stand, we affirm the trial court's judgment as modified.

In *Chavez v. State,* the Texas Court of Criminal Appeals held that a criminal defendant who takes the stand waives his right to remain silent under both state and federal constitutions.[FN2] The testimony may be used against him at a subsequent trial of the same case.[FN3] Appellant argues that a defendant has separate rights against self-incrimination at the guilt phase and the punishment phase of a trial and that *Chavez* may be distinguished because the defendant in *Chavez* testified in a unitary bench trial.

Not Reported in S.W.3d
Not Reported in S.W.3d, 2007 WL 936858 (Tex.App.-Fort Worth)
(Cite as: 2007 WL 936858 (Tex.App.-Fort Worth))

Page 2

FN2. 508 S.W.2d 384, 385-86 (Tex.Crim.App.1974).

FN3. *Id.* at 386.

Appellant is correct that a defendant in a criminal trial may testify at the guilt phase but invoke his right to remain silent at the punishment phase of the trial.[FN4] But his reliance on *Carroll* is misplaced.[FN5] In that case, the issue was not the use of prior testimony, but rather whether a defendant may be compelled to testify in the punishment phase to request probation after waiving her right to remain silent at the guilt portion of a unitary bench trial.[FN6] Clearly, she cannot be compelled to testify.[FN7] This rule, however, would not prevent the State from offering her previous testimony to the trial court as a circumstance for the trial judge's consideration in determining the appropriate punishment.[FN8] In the case now before this court, however, we are not presented with a case in which Appellant waived his right to remain silent at one phase and invoked it at the other. Instead, this case involves Appellant's waiver of a right to remain silent during the punishment phase of one trial and the admission of his voluntary testimony from that trial in the guilt phase of a new trial. In *Chavez,* after pleading guilty in his first trial, Chavez testified to mitigate his punishment.[FN9] In the new trial, a redacted transcript of his "highly incriminating" testimony, which "amounted to an admission of guilt," was read into the record before the jury, but the trial court, not the jury, assessed punishment.[FN10] Thus, in *Chavez,* as here, the defendant's former testimony on the issue of punishment was admitted during the guilt phase of his new trial. Unlike Appellant, we do not find it significant that Chavez's first trial was a unitary proceeding (because of his guilty plea) while Appellant's original trial was bifurcated. The defendant's waiver and testimony in each case occurred before the relevant fact finder.

FN4. *Carroll v. State,* 68 S.W.3d 250, 253 (Tex.App.-Fort Worth 2002, no pet.).

FN5. *See id.*

FN6. *Id.* at 252.

FN7. *Id.* at 253.

FN8. *See Duffy v. State,* 567 S.W.2d 197, 208 (Tex.Crim.App.) ("It is clear that in assessing punishment the jury may consider all of the evidence adduced at trial on guilt or innocence."), *cert. denied,* 439 U.S. 991, 99 S.Ct. 593, 58 L.Ed.2d 666 (1978).

FN9. *Chavez,* 508 S.W.2d at 386.

FN10. *Id.*

*2 In the case now before this court, Appellant testified for all purposes at the punishment phase of the first trial. His attorney had ample opportunity to bring out any mitigation or other favorable evidence that he might have wished to develop. By voluntarily testifying before the jury, Appellant waived his right against compulsory self-incrimination with respect to the testimony he gave.[FN11] Because Appellant's former testimony was admissible, the trial court did not err by admitting it.[FN12] We therefore overrule Appellant's sole point.

FN11. *See id.*

FN12. *See Bryan v. State,* 804 S.W.2d 648, 652 (Tex.App.-Eastland 1991) (holding no error in admitting Bryan's testimony from former trial in the guilt phase of new trial), *aff'd,* 837 S.W.2d 637, 639, 645 (Tex.Crim.App.1992), *abrogated on other grounds, Trevino v. State,* 991 S.W.2d 849, 853 (Tex.Crim.App.1999); *Reyes v. State,* No. 05-91-00062-CR, 1991 WL 252787, at *1-2 (Tex.App.-Dallas Nov.21, 1991, no pet.)(not designated for publication) (upholding the admission of a transcription of Reyes's testimony from the guilt phase of his first trial during the punishment

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in S.W.3d
Not Reported in S.W.3d, 2007 WL 936858 (Tex.App.-Fort Worth)
(Cite as: 2007 WL 936858 (Tex.App.-Fort Worth))

Page 3

phase of his second trial).

At oral argument on appeal, both the State and Appellant agreed that the judgment should be corrected to reflect a single conviction and sentence for aggravated robbery with a deadly weapon. Only one complainant is named in the indictment, only one incident is described, and thus only one robbery occurred.[FN13] Appellant's convictions therefore violate double jeopardy protections because he was convicted and punished three times for a single offense.[FN14]

> FN13. *See Ex parte Hawkins,* 6 S.W.3d 554, 560-61 (Tex.Crim.App.1999) (providing that the allowable unit of prosecution for robbery is the person assaulted).

> FN14. *See Ex parte Cavazos,* 203 S.W.3d 333, 337 (Tex.Crim.App.2006) (granting habeas relief for extra burglary conviction when only one entry occurred).

No postsubmission briefs indicating which conviction and sentence to retain were filed. The law provides that we must retain the conviction for the most serious offense and set the others aside.[FN15] The most serious offense is the conviction for which the greatest sentence was assessed.[FN16] In this case, all the convictions are for aggravated robbery with a deadly weapon, all include an affirmative deadly weapon finding, and all the sentences are for twenty years' confinement; thus, they are all equal. Consequently, we retain the conviction and sentence on the first count and vacate the convictions and sentences on the second and third counts.[FN17] The judgment as modified shall reflect only a conviction for the first count and its related sentence of twenty years' confinement.[FN18]

> FN15. *Id.*

> FN16. *Id.*

> FN17. *See id.* at 339 n. 8; *see also Ex parte Cravens,* 805 S.W.2d 790, 791 (Tex.Crim.App.1991).

> FN18. *See Cravens,* 805 S.W.2d at 791.

Having overruled Appellant's sole point and having vacated the convictions and sentences on counts two and three, we affirm the trial court's judgment as modified.

Tex.App.-Fort Worth,2007.
Newsome v. State
Not Reported in S.W.3d, 2007 WL 936858 (Tex.App.-Fort Worth)

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.